UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

CYNTHIA OLDS,

    Plaintiff,

vs.                                      CASE NO.

LOWES HOME CENTERS, LLC. d/b/a
LOWE'S,

    Defendant.
_____/

## DEFENDANT'S NOTICE OF REMOVAL OF ACTION

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446(b), Defendant Lowe's Home Centers, LLC ("Lowe's"), files this Notice to remove the above-styled action from the Circuit Court of the Fourteenth Judicial Circuit, in and for Bay County, Florida, to the United States District Court for the Northern District of Florida, on the following grounds:

1.    <u>Plaintiff</u>: Plaintiff Cynthia Olds ("Plaintiff") is a resident of the State of Florida. (Exhibit A, Compl. ¶ 3.) Plaintiff instituted this action by filing a complaint with the Circuit Court of the Fourteenth Judicial Circuit, in and for Bay County, Florida (the "Complaint"). Plaintiff's Complaint, entitled *Cynthia Olds v. Lowe's Home Centers, LLC d/b/a Lowe's*, Case No. 21000902CA, was filed with the state court on July 14, 2021.

2. <u>Defendant</u>:  Lowe's Home Centers, LLC, is a North Carolina limited liability company.  The sole member of Lowe's Home Centers, LLC, is Lowe's Companies, Inc.  Lowe's Companies, Inc., is, and has been at all relevant times, a North Carolina corporation with its principal place of business in North Carolina.[1]

3. <u>Nature of the Action</u>:  This is a civil action involving allegations of race discrimination in violation of the Florida Civil Rights Act of 1992, Fla. Stat. § 760.01 *et seq*. ("FCRA").  As recited in the Complaint, Plaintiff is seeking "all legally-available general and compensatory damages and economic loss to Plaintiff from Defendant for Defendant's violations of [the FCRA.]"  (*See* Compl., Prayer for Relief).  The FCRA provides for the recovery of back pay, front pay, compensatory damages, punitive damages, and reasonable attorneys' fees.  Fla. Stat. § 760.11(5).

4. <u>Diversity Jurisdiction</u>:  This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1332 (diversity), because Plaintiff is a citizen of the State of Florida, Lowe's sole member is a North Carolina corporation having its

---

[1] As explained by the U.S. Supreme Court in *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84 (2014), Lowe's removal notice need only include a "short and plain statement of the grounds for removal" based on diversity jurisdiction, and the removal notice need not contain evidentiary submissions proving the requirements for diversity jurisdiction, including the parties' citizenship or the amount in controversy.  *See Collum v. UP Trucking Servs., LLC*, No. 15-0512-WS-M, 2015 U.S. Dist. LEXIS 155764 (S.D. Ala. Nov. 18, 2015) (finding that a notice of removal need not include evidence of citizenship to establish diversity jurisdiction under *Dart Cherokee*).  Thus, Lowe's plausible averments regarding the parties' citizenship and the amount in controversy is sufficient to establish diversity jurisdiction.

principal place of business in North Carolina, and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

5. <u>Amount in Controversy</u>: Plaintiff seeks an unspecified amount of damages; however, the amount in controversy in this case exceeds $75,000, exclusive of interest and costs. In determining the amount in controversy for purposes of establishing jurisdiction, this Court may consider Plaintiff's claimed damages under the FCRA, including back pay, front pay, compensatory damages, punitive damages, and reasonable attorney's fees. *See Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1265 (11th Cir. 2000); *Holley Equip. Co. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987).

As described below, and though Lowe's denies that Plaintiff is entitled to any relief, Plaintiff's estimated back pay, front pay, and compensatory damages together amount to $94,009.68 (without taking into consideration punitive damages and reasonable attorney's fees), which is well above the $75,000 threshold.

a. <u>Back Pay</u>: Plaintiff voluntarily resigned from Lowe's on August 1, 2019 (although, Plaintiff contends she was constructively discharged). At the time of her resignation, Plaintiff was an hourly employee, and her average gross weekly wages were $435.23.[2] 112 weeks separate the date of Plaintiff's

---

[2] Plaintiff was compensated on an hourly basis at $12.12 per hour. Plaintiff's average gross weekly wages were approximately $435.23, which is based on her total wages ($6,093.20) divided by the number of weeks she worked at Lowe's (14 work weeks).

resignation, August 1, 2019, and the filing of this removal notice. Further, it is reasonable to add an additional 52 weeks based conservatively on a trial date that is at least one year out. *See Munoz v. Oceanside Resorts, Inc.*, 223 F.3d 1340, 1347 (11th Cir. 2000) (calculating back pay from the date of termination to the date of trial). Thus, Plaintiff's back pay from the date of her resignation through a reasonable proposed trial date is $71,377.72 (163 weeks x $435.23/week).[3]

      b.    <u>Front Pay</u>: If this Court were to calculate a potential award for front pay for one year in the amount of Plaintiff's hourly wage when last employed by Lowe's, Plaintiff's award for front pay would total approximately $22,631.96 (e.g., 52 weeks x $435.23/week).

      c.    <u>Compensatory Damages</u>: This Court may consider the compensatory damages sought by Plaintiff when determining jurisdiction. *See Holley Equip. Co.*, 821 F.2d at 1535; *Awad v. Cici Enter.*, 8:06-CV-1278-T-24TBM, 2006 WL 2850108, at *1 (M.D. Fla. Oct. 3, 2006). When calculating damages for emotional distress in cases like this, where the plaintiff alleges general distress without medical or psychological evidence of emotional pain and suffering (i.e., "garden variety" cases), courts typically will award damages in the range of

---

[3] Lowe's neither admits that Plaintiff suffered any damages, nor adopts any particular measure of claimed damages. Lowe's submits the statements herein in order to demonstrate the *potential* amount in controversy for removal purposes only.

$5,000 to $30,000. *City of Delray Beach v. DeSisto*, 197 So. 3d 1206, 1210 (Fla. 4th DCA 2016).

    d. <u>Punitive Damages</u>: The FCRA allows prevailing plaintiffs to recover a maximum amount of $100,000.00 in punitive damages. Fla. Stat. 760.11(5). The Eleventh Circuit has held that courts must consider punitive damages when determining whether a lawsuit can satisfy the amount in controversy requirement. *Holley Equip. Co.*, 821 F.2d at 1535; *see also Rae v. Perry*, 392 F. Appx. 753, 755 (11th Cir. 2010) ("Punitive damages must be considered when determining the jurisdictional amount in controversy in diversity cases.").

    e. <u>Attorney's Fees</u>: Moreover, it is well settled in the Eleventh Circuit that "[w]hen a statute authorizes the recovery of attorney's fees, a reasonable amount of those fees is included in the amount in controversy." *Morrison*, 228 F.3d at 1265. Because the FCRA allows the recovery of reasonable attorney's fees, such fees are included in the amount in controversy calculation. *See* Fla. Stat. 760.11(5).

  6. <u>Timing of Notice of Removal</u>: Plaintiff served Lowe's with a summons and a copy of the Complaint on August 30, 2021. This removal is therefore timely pursuant to 28 U.S.C. § 1446(b), because this Notice of Removal

is filed within 30 days of the date on which Lowe's received a copy of Plaintiff's Complaint.

7. Venue: As stated in the Complaint, the alleged events at issue occurred as a result of Plaintiff's employment with Lowe's in Bay County, Florida. (*See* Compl. ¶¶ 6-26) Accordingly, venue is proper in the United States District Court for the Northern District of Florida, Panama City Division, pursuant to 28 U.S.C. § 1391 and N.D. Fla. Local Rule 3.1(B).

Pursuant to 28 U.S.C. § 1446(a) and N.D. Fla. Local Rule 7.2(A), copies of all process, pleadings, orders, and other papers filed and served in the state court are attached to this Notice as Composite Exhibit B.

Date: September 29, 2021

                                    Respectfully submitted,

                                    */s/ Reed L. Russell*
                                    Reed L. Russell
                                    Florida Bar No. 0184860
                                    Matthew S. Perez
                                    Florida Bar. No. 0125572
                                    PHELPS DUNBAR LLP
                                    100 South Ashley Drive, Suite 2000
                                    Tampa, Florida 33602-5311
                                    813-472-7550
                                    813-472-7570 (FAX)
                                    reed.russell@phelps.com
                                    matthew.perez@phelps.com

                                    *Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that on September 29, 2021, a true and correct copy of the foregoing was served regular U.S. Mail to the following:

Marie A. Mattox
MARIE A. MATTOX, P.A.
203 North Gadsen Street
Tallahassee, FL 32303
marie@mattoxlaw.com

Attorney for Plaintiff

                                    */s/ Reed L. Russell*
                                    Attorney