# EXHIBIT A

Plaintiff's Complaint

IN THE CIRCUIT COURT OF THE
FOURTEENTH JUDICIAL CIRCUIT,
IN AND FOR BAY COUNTY, FLORIDA

**CYNTHIA OLDS,**

    Plaintiff,

v.

**LOWE'S HOME CENTERS, LLC. d/b/a
LOWE'S,**

    Defendant.
_____/

CASE NO.: 21000902CA
FLA BAR NO.: 0739685

## COMPLAINT

Plaintiff, CYNTHIA OLDS, hereby sues Defendant, LOWE'S HOME CENTERS, LLC. d/b/a LOWE'S, and alleges:

### NATURE OF THE ACTION

1. This is an action brought under the Florida Civil Rights Act, codified at Chapter 760, Florida Statutes.

2. This action involves claims which are, individually, in excess of Thirty Thousand Dollars ($30,000.00), exclusive of costs and interest.

### THE PARTIES

3. At all times pertinent hereto, Plaintiff, CYNTHIA OLDS, has been a resident of the State of Florida and was employed by Defendant. Plaintiff is a member of a protected class due to her race and she was demoted and otherwise discriminated against due to her race, African American.

4. At all times pertinent hereto, Defendant LOWE'S HOME CENTERS, LLC. d/b/a LOWE'S has been organized and existing under the laws of the State of Florida. At all times

pertinent to this action, Defendant has been an "employer" as that term is used under the applicable laws identified above. Defendant was Plaintiff's employer as it relates to these claims.

## CONDITIONS PRECEDENT

5. Plaintiff has satisfied all conditions precedent to bringing this action in that Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission. This action is timely filed thereafter.

## STATEMENT OF THE ULTIMATE FACTS

6. Plaintiff, an African American woman, began her employment with Defendant on or about April 16, 2019 and held the position of Head Cashier at the time of her wrongful demotion. She held the position of Seasonal Worker at the time of her constructive discharge on or around August, 2019.

7. Despite her stellar work performance during her employment with Defendant, Plaintiff has been subjected to disparate treatment, different terms and conditions of employment, and was held to a different standard because of her race.

8. The disparate treatment and retaliation came at the hands of specifically but not limited to Human Resources Representative Cindy l/n/u (Caucasian) and Head Cashier Susan l/n/u (Caucasian).

9. When Plaintiff first spoke with Defendant concerning employment, Defendant agreed to pay Plaintiff at a rate of $14.50/hour and to hire her into the position of Head Cashier.

10. However, when Plaintiff received her first paycheck on or around May 3, 2019, she realized that Defendant was not paying her the agreed upon salary of $14.50/hour.

11. Instead, Defendant was paying Plaintiff $11.00/hour.

2

12. On or around May 15, 2019, Plaintiff asked Susan l/n/u why her pay was less than she was promised.

13. Susan told Plaintiff that Cindy had gone into the computer system and changed Plaintiff's pay and position due to Plaintiff's limited availability.

14. Susan informed Plaintiff that Plaintiff could not work as Head Cashier and had to return to the position as a seasonal worker with no benefits.

15. In or around May, 2019, Defendant hired two white employees to work as Head Cashiers.

16. The white employees were permitted to work as Head Cashiers even though they could not work full-time hours.

17. Specifically, but without limitation, Defendant permitted Wendy l/n/u, a white female, to work as Head Cashier even though Wendy had to leave work at 2:30 PM every day.

18. In addition, Defendant permitted Jan l/n/u, white female, to work as Head Cashier even though she had to leave work early on certain days.

19. Defendant permitted Wendy l/n/u, a Caucasian woman, to leave work at 2:30 PM every day and permitted Jan l/n/u, a Caucasian woman, to leave work early on certain days.

20. Plaintiff called the Corporate Office and requested that they conduct an investigation because Defendant was treating her differently based on her race.

21. Subsequently, Cindy told Plaintiff that if she did not like the job as a seasonal worker, she could go find a job somewhere else.

22. Defendant took no remedial action.

23. On or around May 6, 2019, Plaintiff notified Defendant that she was changing her availability to open so that she would be considered for a permanent position, but Defendant

continued to skip over Plaintiff for permanent positions even though Plaintiff had the requisite training and hiring white employees without the training instead, including but not limited to Rebecca l/n/u and Trina l/n/u.

24. Defendant constructively discharged Plaintiff through its discriminatory actions as no reasonable person would have stayed in Defendant's employment when treated as Plaintiff was treated and knowing as Plaintiff knew that she would be terminated at the end of her term of temporary employment.

25. Plaintiff has retained the undersigned to represent her interests in this cause and is obligated to pay a fee for these services.

26. Defendant should be made to pay said fee under the laws referenced above.

## COUNT I
## RACE DISCRIMINATION

27. Paragraphs 1 through 26 are realleged and incorporated herein by reference.

28. This is an action against Defendant for discrimination based upon race brought under Chapter 760, Florida Statutes.

29. Plaintiff has been the victim of discrimination on the basis of Plaintiff's race in that Plaintiff was treated differently than similarly situated employees of Defendants who are white and has been subject to hostility and poor treatment on the basis, at least in part, of Plaintiff's race.

30. Defendant is liable for the differential treatment and hostility towards Plaintiff because it controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.  Furthermore,

Defendant knowingly condoned and ratified the differential treatment of Plaintiff as more fully set forth above because it allowed the differential treatment and participated in same.

31. Defendant's known allowance and ratification of these actions and inactions actions created, perpetuated and facilitated an abusive and offensive work environment within the meaning of the statutes referenced above.

32. In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were of a race-based nature and in violation of the laws set forth herein.

33. The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant. The events set forth herein lead, at least in part, to Plaintiff's termination on contrived allegations.

34. Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon race in violation of Chapter 760, Florida Statutes.

35. As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits. These damages have occurred in the past, are permanent and continuing. Plaintiff is entitled to injunctive/equitable relief and punitive damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendant for the following:

(a) that process issue and this Court take jurisdiction over this case;

(b) that this Court grant equitable relief against Defendant under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

(c) enter judgment against Defendant and for Plaintiff awarding all legally-available general and compensatory damages and economic loss to Plaintiff from Defendant for Defendant's violations of law enumerated herein;

(d) enter judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of law enumerated herein;

(e) enter judgment against Defendant and for Plaintiff awarding Plaintiff attorney's fees and costs;

(f) award Plaintiff interest where appropriate; and

(g) grant such other further relief as being just and proper under the circumstances, including but not limited to reinstatement.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues herein that are so triable.

DATED this 14th day of July 2021.

Respectfully submitted,

/s/ Marie A. Mattox
Marie A. Mattox [FBN 0739685]
MARIE A. MATTOX, P. A.
203 North Gadsden Street
Tallahassee, FL 32303
Telephone: (850) 383-4800
Facsimile: (850) 383-4801
Marie@mattoxlaw.com
Secondary emails:
marlene@mattoxlaw.com
michelle@mattoxlaw.com
ATTORNEYS FOR PLAINTIFF

6